## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KIMELYN A. MINNIFIELD,           )

)     CIVIL ACTION

)     FILE NO._____

Plaintiff,       )

)

)

v.                        )

)

)

WELLS FARGO BANK, NA,     )
as Trustee for the Pooling and Servicing  )
Agreement dated as of May1, 2005 Asset Backed  )
Pass-Through Certificates, Series 2005-WHQ3,  )
ARGENT MORTGAGE COMPANY, LLC  )
WEISSMAN, P.C., OCWEN LOAN  )
SERVICING, INC. CITI RESIDENTIAL  )
LENDING, INC., CITI-FINANCIAL  )
SERVICING, INC. and  )
BARCLAY'S CAPTITAL REAL ESTATE, INC.  )

)

Defendants.     )

_____)

## COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

**COMES NOW**, KIMELYN MINNIFIELD, Plaintiff in the above-styled action, and files this, her COMPLAINT for DECLARATORY JUDGMENT and DAMAGES and shows this Court the following:

1

# I. **PARTIES**

1.

Defendant WELLS FARGO BANK, N.A. (hereinafter "Defendant WELLS FARGO") is a foreign corporation duly organized under the laws of the State of California. Defendant WELLS FARGO is being sued in its capacity as Trustee for the Pooling and Servicing Agreement dated as of May 1, 2005 Asset Backed Pass – Through Certificates Series 2005-WHQ3. Defendant WELLS FARGO has a principal office located at 101 N. Phillips Avenue, Sioux Falls, South Dakota 57104. Defendant WELLS FARGO maintains a registered office in the State of Georgia at 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092 and Corporation Service Company is the registered agent located at said address. Defendant WELLS FARGO may be served with Summons and Complaint at this address.

2.

Defendant Ocwen Loan Servicing, Inc. (hereinafter "Defendant Ocwen") is a foreign corporation duly organized under the laws of the State of Delaware. Defendant Ocwen maintains a registered office in the State of Georgia at 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092. Corporation Service Company is the registered agent located at said address. Defendant Ocwen may be served with Summons and Complaint at this address.

3.

Weissman, P.C. (hereafter "Weissman Firm") is a domestic professional corporation duly organized under the laws of the State of Georgia with principal offices located at One Alliance Center, 4th Floor, 3500 Lenox Road, Atlanta, Georgia 30326. Defendant Weissman maintains a registered office at One Alliance Center, 4th Floor, 3500 Lenox Road, Atlanta, Georgia 30326.  Mr. Ned Blumenthal is the registered agent located at said address. Defendant Weissman may be served with Summons and Complaint by serving Ned Blumenthal at said address.

4.

Defendant Citi Residential Lending, Inc., (hereafter Defendant Citi Residential) is a foreign corporation duly organized under the laws of the State of Delaware. Defendant Citi Residential maintains a registered office in the State of Georgia at 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092. Corporation Service Company is the registered agent located at said address. Defendant Citi Residential may be served with Summons and Complaint at this address.

5.

Defendant Citi Financial Servicing LLC (hereafter Defendant Citi Financial) is a foreign corporation duly organized under the laws of the State of Delaware. Defendant Citi Financial maintains a registered office in the State of Georgia at 289

S. Culver St., Lawrenceville, Gwinnett County, Georgia 30046. Corporation Service Company is the registered agent located at said address. Defendant Citi Financial may be served with Summons and Complaint at this address.

6.

Defendant Barclays Capital Real Estate, Inc. (hereafter Defendant Barclays) is a foreign corporation duly organized under the laws of the State of Delaware. Defendant Barclay maintains a registered office in the State of Georgia at 289 S. Culver St., Lawrenceville, Gwinnett County, Georgia 30046-4805. CT Corporation System is the registered agent located at said address. Defendant Barclays may be served with Summons and Complaint at this address.

7.

Defendant Argent Mortgage Company (hereafter Defendant Argent) is a foreign corporation duly organized under the laws of the State of Delaware. Defendant Argent was dissolved, cancelled or withdrawn on February 15, 2013 pursuant to the laws of the State of Georgia. According to the Certificate of Withdrawal on file with the Georgia Secretary of State, service of process may be accomplished by serving Joanne Davies, Esq. at Buchalter Nemer at 18400 Von Karman Ave., Ste. 800, Irvine, CA 92612.

8.

Kimelyn Minnifield, (hereafter "Plaintiff Minnifield") is the record titleholder of the property identified as 260 Legends Trace, McDonough, GA 30253, (hereafter referred to as the "subject property").

## II. JURISDICTION & VENUE

9.

This Court has original jurisdiction over federal claims pursuant to 28 U.S.C. § 1331. This Court has jurisdiction over supplemental state claims pursuant to 28 U.S.C. §1367.

10.

Venue is proper in the Northern District of Georgia under 28 U.S.C. §§ 1391 (b) and (c).

## III. RELEVANT FACTS

11.

In 2005 Minnifield obtained a loan from Argent and granted Argent a security interest in the property identified as 260 Legends Trace, McDonough, GA 30253. In 2007 the mortgage went into default. Plaintiff Minnifield is presently in possession of the property. A foreclosure sale is scheduled for November 7, 2017.

12.

Plaintiff Minnifield contends that the foreclosing entity does not have the authority to exercise the power of sale, and therefore can't pass marketable title to ensure that Minnifield will not face subsequent challenges once divested of the property. Therefore, it is Plaintiff Minnifield's position that the entity asserting that it has the security interest utilize the judicial foreclosure process, as opposed to a non-judicial process. Use of the judicial foreclosure process would force the entity claiming to have the security interest to make certain affirmative representations regarding ownership of the security interest.

13.

In 2016, Ocwen and Wells Fargo retained the Weissman Firm to foreclose on the property. The Weissman Firm attempted to foreclose on the property approximately three times in 2016. Presently, a sale is scheduled for November 7, 2017.

14.

The Georgia legislature indicated its desire to ensure that only the record holders of deeds initiate foreclosure proceedings by promulgating O.C.G.A. § 44-14-162. O.C.G.A. § 44-14-162(b) requires that the security instrument or assignment thereof vesting the secured creditor with title to the security instrument be filed prior to the time of sale in the office of the clerk of the superior court of the county in

which the real property is located. The stated legislative purpose of the provision is to require a foreclosure to be conducted by the current owner or holder of the mortgage, as reflected by public records. *Ames v. JP Morgan Chase Bank, N.A.*, 298 Ga. 732, 732, 783 S.E.2d 614, 616, 2016 Ga. LEXIS 210, *1 (Ga. 2016).

15.

To facilitate non-judicial foreclosure, multiple assignments purporting to convey the same security interest in the subject property have been filed over the course of seven years. On September 14, 2009, an assignment purporting to transfer title from Argent to Wells Fargo, was filed with the Clerk of Superior Court, Henry County at Book: 11484 PG: 45-45. (See Exhibit 1)

16.

The September 14, 2009 assignment references a Limited Power of Attorney filed in the Office of the Clerk of Superior Court, Henry County in Book: 10385 PG: 110-113. (See Exhibit 2) The Limited Power of Attorney purports to give Barclays Capital Real Estate, dba Homeq Servicing, the authority to execute assignments on behalf of the trust said to own the security interest. The Limited Power of Attorney identifies Ameriquest Mortgage Company, LLC, and Argent Mortgage Company LLC as Sellers.  However, only Ameriquest Mortgage Company is the Seller identified in the pooling and servicing agreement that governs the subject trust, identified as Park Place Securities Inc. Asset Backed Pass Through Certificates, Series 2005 WHQ3.

7

17.

On April 23, 2013, a document labeled, "Assignment of Security Deed", Book: 13052 PG 265-267 (Exhibit 3) was filed in the Office of the Clerk of Superior Court, Henry County, again purporting to transfer title from Argent to Wells Fargo. This assignment bore an assignment date of March 30, 2005, attempting to assign the same interest allegedly assigned in the Assignment of 2009 (Exhibit 1). This fabricated assignment was defective on its face because it pre-dated the pooling and servicing agreement.

18.

On January 21, 2016, a Corporate Assignment of Security Deed was filed in the Henry County Clerk of Superior Court Office in Book 14418, PG 303-304. (See Exhibit 4). The Assignor of the mortgage is reflected as Argent Mortgage Company, by its attorney in fact, Citi Residential Lending, Inc. Again, the assignment states that it is conveying the same security interest to Wells Fargo as the previous two assignments. The document also contains a statement as follows: "THE PURPOSE OF THIS CORRECTIVE ASSIGNMENT OF SECURITY DEED IS TO CORRECT THE ASSIGNEE AND TO ADD THE POA ON THE PREVIOUS ASSIGNMENT RECORDED ON 09/14/2009 BOOK 011484 AND PAGE 0045 AS INSTRUMENT 023583."

The corporate assignment further states that the Assignee of the security interest in Exhibit 4 is Argent Mortgage Company, LLC, by its attorney in fact Citi Residential Lending, Inc. POA: 09/05/2014 in Book/Reel/Liber: 13718 Page/Folio: 179. (See Exhibit 5)

19.

The Power of Attorney referenced in Exhibit 4 from Argent to Citi Residential is recorded at Book/Reel/Liber: 13718 Page/Folio: 179, in the Henry County Clerk's office. (See Exhibit 5) A review of the document shows a document that is barely legible with numerous stamps from various Clerks' offices in both Georgia and Florida.

20.

The Limited Power of Attorney from Argent to Citi Residential used by Ocwen and the Weissman Firm first appears in 2007 in Book 07477 PGS: 0407-0411 (Exhibit 6) filed in the Office of the Clerk, Richard M. Weiss in Polk County, Florida. The document was filed on November 8, 2007.

21.

The Limited Power of Attorney from Argent to Citi Residential used by Ocwen and the Weissman Firm appears again in 2007 in Book: 07489 PGS: 1149-1152, Instrument Number 2007237871, (Exhibit 7) filed in the Office of the Clerk,

Richard M. Weiss in Polk County, Florida. This document was filed on November 27, 2007.

22.

The Limited Power of Attorney from Argent to Citi Residential used by Ocwen and the Weissman Firm appears again, being filed in Forsyth County, Georgia on September 24, 2009 at Book 5534 PGS. 89-92. (Exhibit 8)

23.

The Power of Attorney from Argent to Citi Residential used by Ocwen and the Weissman Firm to give validity to the Corporate Assignment of Security Deed appears again in 2014, filed on February 14, 2014 in the Clerk's Office of Palm Beach County, Florida at Book 26615 PG: 1216-1219. (See Exhibit 9) Contemporaneously with this filing, a stamp appears at the top of the document requesting that it be returned to Ocwen Loan Servicing LLC, 5729 Premier Park Drive, Bldg. 3, West Palm Beach, Florida 33407 after recording.

24.

This same Limited Power of Attorney from Argent to Citi Residential was filed in the Clerk's office in Henry County, Georgia on September 5, 2014 at Book: 13718 PG:179-183. (See Exhibit 5)

25.

On January 16, 2016 another assignment was filed in Henry County , Georgia at Deed Book 14418. Page 303-304 (See Exhibit 10). This assignment again appears

to memorialize the same assignment from Argent to Wells Fargo, with Citi Residential acting on behalf of Argent to facilitate the assignment from Argent to Wells Fargo.

26.

Another assignment of mortgage was filed on September 5, 2017 at Book 15475, Page 236-237. This latest assignment now purports to be the assignment evidencing the transfer of the security interest from Defendant Argent to Defendant Wells Fargo. The assignment references yet another power of attorney found in Deed Book 49038, page 427 in the Gwinnett County records. It further states that "THE PURPOSE OF THIS CORRECTIVE ASSIGNMENT OF SECURITY DEED IS TO CORRECT THE POA REFERENCE ON THE ASSIGNMENT RECORDED ON 1/21/2016 IN BOOK 14418 AT PAGE 303 AS INSTRUMENT NUMBER D2016-001547.

27.

The subject mortgage is alleged to be a part of a Trust and Wells Fargo is identified as the Trustee. The mortgages contained in the Trust are governed by a Pooling & Servicing Agreement which was filed with the Securities and Exchange Commission. Specifically, the Trust is identified as Pooling and Servicing Agreement dated as of May 2005 Park Place Securities, Inc. Asset Backed Pass-Through Certificate Series 2005-WHQ3. The Pooling and Servicing Agreement,

which is an extensive document governs the Trust, including but not limited to, how mortgages enter the Trust. The Pooling and Servicing Agreement identifies Ameriquest Mortgage Company as the Seller of the mortgages. Defendant Argent appears nowhere in the Trust document, nor does it have any obvious connection to the Trust. None the less, Defendant Ocwen continues to concoct bogus assignments in an attempt to satisfy O.C.G.A § 44-14-162(b). The multiple assignments now give the appearance of problems with the tile.

## IV.   ALLEGATIONS AGAINST DEFENDANT WELLS FARGO

28.

Defendant Wells Fargo has not conclusively demonstrated that it holds a security interest in the subject property. This fact is evidenced by the serial filings of multiple assignments that supposedly evidence a single transfer from Argent to Well Fargo. To date, Wells Fargo has caused four different assignments to be filed, with regard to the subject property.

29.

Defendant Wells Fargo has caused multiple assignments to be filed, each allegedly evidencing the same transaction in an attempt to satisfy O.C.G.A. § 44-14-162(b) which requires that the assignment evidencing the transfer be filed prior to a foreclosure sale and to justify its use of the power of sale clause contained in the security instrument.

30.

Defendant Wells Fargo has fraudulently represented that each of multiple assignments, was the assignment that evidenced the transfer of the security interest from Defendant Argent to Defendant Wells Fargo.

31.

Defendant Wells Fargo instructed its agents and employees to create fraudulent chains of title by utilizing otherwise valid documents for a purpose that said documents were not originally intended. Some of the power of attorneys , in fact , overlap when cross referenced.

32.

Defendant Wells Fargo has violated O.C.G.A. §16-8-102 by filing documents with the official registrar of deeds where it knew that said documents contained deliberate misrepresentations. Defendant Wells Fargo and its agents caused fraudulent assignments and fraudulent powers of attorney to be filed in the public records in various jurisdictions in furtherance of a scheme to create fraudulent title chains.

33.

The actions of Defendant Wells Fargo constitute constructive fraud and actual fraud. Constructive fraud consists of any act of omission or commission, contrary to

Case 1:17-cv-04458-TWT-JKL   Document 1   Filed 11/06/17   Page 14 of 23

legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of another. O.C.G.A. § 23-2-51(b)

## V. ALLEGATIONS AGAINST OCWEN LOAN SERVICING

### 34.

Defendant Ocwen is a mortgage loan servicer and services the subject loan. Defendant Ocwen operates in Georgia under Georgia Mortgage Lender License No. 19438.

### 35.

Defendant Ocwen has directed its agents to commence foreclosure proceedings on the subject property on multiple occasions through the use of fraudulent documents. A foreclosure sale is presently scheduled for November 7, 2017.

### 36.

Defendant Ocwen instructed its agents and employees to create fraudulent chains of title by utilizing otherwise valid documents for a purpose that said documents were not originally intended. Defendant Ocwen and its agents then caused these fraudulent assignments and fraudulent powers of attorney to be filed in the public records.

37.

The actions of Defendant Ocwen constitutes constructive fraud and actual

fraud. Constructive fraud consists of any act of omission or commission, contrary

to legal or equitable duty, trust, or confidence justly reposed, which is contrary to

good conscience and operates to the injury of another. O.C.G.A. § 23-2-51(b)

38.

Defendant Ocwen has violated O.C.G.A. §16-8-102 by filing documents with

the official registrar of deeds where it knew that said documents contained deliberate

misrepresentations.

39.

Defendant Ocwen has violated the Georgia Residential Mortgage Act,

O.C.G.A. § 7-1-1000 which prohibits any person transacting a mortgage business

from, pursuing a course of misrepresentation by use of fraudulent or unauthorized

documents or other means to anyone.

## VI. ALLEGATIONS AGAINST DEFENDANT WEISSMAN, P.C.

40.

Defendant Weissman, P.C. is a law firm retained by Defendant Ocwen and

Defendant Wells Fargo to commence non-judicial foreclosure proceedings.

41.

Defendant Weissman, P.C. is a debt collector.

15

42.

Defendant Weissman had knowledge of and participated with Defendant Ocwen in a scheme to fraudulently create a chain of title and to give the appearance of satisfying O.C.G.A. § 44-14-162(b)for the purpose of conducting a non-judicial foreclosure sale. In doing so, Defendant Weissman used misleading and deceptive means in the collection of a debt in violation of 15 U.S.C. §1692e.

43.

Defendant Weissman violated 15 U.S.C. §1692(e) by misrepresenting the character, amount and legal status of the debt and Defendant Ocwen.

44.

Defendant Weissman utilized unfair or unconscionable means to attempt to collect a debt in violation of 15 U.S.C. §1692 f when it participated in the scheme to create a fraudulent chain of title.

45.

Defendant Weissman violated 15 U.S.C. §1692 f by taking non-judicial action to effect dispossession of property where there was no true present right to possession by Defendant Wells Fargo due to the power of sale being exercised through a fraudulently created chain of title.

46.

Defendant Weissman used the fraudulently created chain of title to satisfy the requirements of O.C.G.A. §44-14-162 and to initiate non-judicial foreclosure procedures.

47.

Defendant Weissman assisted Defendant Ocwen in perpetuating fraud by counseling Defendant Ocwen to utilize another fraudulent power of attorney to give validity to the latest assignment filed in September 2017.

## VII.   <u>DECLARATION OF THE VALIDITY OF BARCLAYS CAPITALREAL ESTATE'S POWER OF ATTORNEY</u>

48.

Defendant Barclay asserts that it was granted power of attorney to execute an assignment on behalf of Defendant Argent to Defendant Wells Fargo. This document is recorded at Deed Book10385, Page 110 in the Henry County, Georgia records.

49.

Plaintiff Minnifield asks the court for a declaration as to the validity of the power of attorney and if title was assigned to Defendant Wells Fargo via the assignment.

## VIII. DECLARATION OF THE VALIDITY OF POWER OF ATTORNEYS of CITI-RESIDENTIAL LENDING, INC and CITI-FINANCIAL, INC.

50.

Defendant Citi- Residential asserts that it was granted power of attorney to execute an assignment on behalf of Argent to Wells Fargo. This instrument can be found at Deed Book 13718, Page/Folio 179. Plaintiff Minnifield asks the Court for a declaration as to the validity of said power of attorney from Argent to Citi-Residential and if title was assigned to Wells Fargo via the assignment found at Book 14418, Page 303-304.

51.

Defendant Citi- Residential asserts that it was granted power of attorney to execute an assignment on behalf of Argent to Wells Fargo. This instrument it can be found at Deed Book 49038, Page 427 of the Gwinnett County records and the assignment is recorded at Book: 15475, PG 236-237. Plaintiff Minnifield asks this Court to declare the validity of said assignment dated September 6, 2017.

52.

The Limited Power of Attorney given to Citi Residential by Argent is deceptive and a deliberate misrepresentation designed to make it appear that Argent authorized Citi Residential to act as its attorney in fact with regard to the execution of the Corporate Assignment of Security Deed.  (Exhibit 5) The Limited Power of Attorney from Argent to Citi Residential, originally drafted and first filed in 2007,

granted Citi Residential certain powers to act as a loan servicer. Citi Residential is not, nor has it ever been Minnifield's loan servicer. In order for the Corporate Assignment of Security Deed to be valid, it was necessary to have an entity with authority execute the document. The Weissman Firm and its clients, Ocwen Loan Servicing, fraudulently created that authority by utilizing this limited power of attorney, which appears to give Citi Residential the authority to act on Argent's behalf. The Defendants continue the misrepresentations in the latest assignment filed on September 6, 2017 and referencing a power of attorney that pre-dates a power of attorney allegedly given by Argent to Barclays Capital Real Estate.

## X.   <u>PRAYER FOR PUNITIVE DAMAGES</u>

### 53.

The fraud in this context is particularly egregious because it appears to have been perpetrated by utilizing a valid document filed in public records that would likely go undetected and unquestioned, especially where the non-judicial foreclosure process is being utilized. Further the level of forethought necessary to accomplish this act demonstrates scienter and evidences a conscious disregard for the consequences. Therefore, punitive damages should be awarded.

## XI.   <u>PRAYER FOR DECLARATORY RELIEF & DAMAGES</u>

### 54.

Declaratory relief is appropriate when it is necessary to "protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or

conduct." Declaratory relief is necessary in this case where title is not clear , and said relief is necessary to protect the rights of the Plaintiff.

Therefore Plaintiff Minnifield requests the following relief:

a.  The Plaintiff requests that this Court enjoin the Defendant Wells Fargo's use of the power of sale clause in the security instrument for the purpose of conducting a non-judicial foreclosure sale until such time that the Court determines that a valid assignment of Argent's security interest to Defendant Wells Fargo has been made;

b.  If appropriate as demonstrated by the evidence, a declaration that Defendant Argent did not and could not assign the subject mortgage to the trust identified as the Pooling and Servicing Agreement dated as of May 1, 2005 Asset Backed Pass –Through Certificates Series 2005-WHQ3;

c.  Defendant Wells Fargo as Trustee for the Pooling and Servicing Agreement dated as of May 1, 2005 Asset Backed Pass –Through Certificates Series 2005-WHQ3 cannot utilize the power of sale clause found in the security instrument, but must utilize the judicial foreclosure process to prove any ownership interest in the subject property;

d.  That proof of the validity of the power of attorneys be presented for the Court's review;

e. Declare that all four assignments are defective and do not evidence a transfer from Defendant Argent to Defendant Wells Fargo as trustee for the Pooling and Servicing Agreement dated as of May 1, 2005 Asset Backed Pass –Through Certificates Series 2005-WHQ3;

f. Declare which entity has the right to execute an assignment on behalf of Defendant Argent;

g. Declare what entity has the authority to assign the mortgage to the Trust;

h. Declare what entity has the authority to take a deed in lieu of foreclosure;

i. Declare what entity has the right to correct any title errors created by the multiple filing of assignments;

j. Declare what entity has the right to cancel any alleged debt;

k. Declare that the statute of limitation has run regarding any alleged debt;

l. Declare that Defendant Ocwen, Defendant Wells Fargo, Defendant Weissman, Defendant Citi Residential, Defendant Citi Financial have deliberately engaged in the fabrication of documents to create a chain of title in order to use the non-judicial foreclosure process;

m. Declare that any foreclosure proceeding initiated pursuant to the use of documents presently in the public record, is a wrongful foreclosure;

n. Declare that Plaintiff Minnifield has been damaged as a result of defects in the title created by Defendants;

o.  Declare that the power of sale clause in the original security instrument cannot be utilized due to defects in the chain of title;

p.  That Plaintiff be awarded damages and costs;

q.  Declare that punitive damages are warranted where the Defendants have engaged in fraud;

r.  Declare that Defendant Weissman has violated laws under the Fair Debt Collection Practices Act;

s.  Declare that Defendants Ocwen, Weissman and Wells Fargo have engaged in fraud by causing fraudulent documents to be filed in the public record; and colluded in furtherance of said goal; and

t.  Any other relief the Court deems just and necessary.


Respectfully submitted this 6th day of November 2017.

*/S/ Kimelyn A. Minnifield*
Kimelyn A. Minnifield
Georgia Bar No. 002585
kminnifield@minnifieldlawgroup.com
260 Legends Trace
McDonough, GA 30253
404.975.8572 (c)
417.370. 9599 (o)

## CERTIFICATE OF FONT COMPLIANCE

I hereby certify that the foregoing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1, Northern District of Georgia, specifically Times New Roman 14 point.

/s/ KIMELYN A. MINNIFIELD