IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KIMELYN A. MINNIFIELD,

     Plaintiff,

v.

WELLS FARGO BANK, N.A., *et al.*,

     Defendants.

CIVIL ACTION FILE NO.

1:17-cv-4458-TWT-JKL

## FINAL REPORT AND RECOMMENDATION

This is the third lawsuit, not including bankruptcies, that Plaintiff Kimelyn A. Minnifield, an attorney proceeding *pro se*, has filed in an effort to derail or forestall an impending foreclosure sale since she initially went into default on her mortgage in 2005. The matter is presently before the Court on Defendant Weissman, P.C.'s ("Weissman") motion to dismiss [Doc. 31]; Defendant Barclay's Capital Real Estate, Inc.'s ("Barclays") motion to dismiss [Doc. 32]; Defendants Citi Residential Lending, Inc. ("Citi Residential") and Citi-Financial Servicing, Inc.'s (Citi-Financial") motion to dismiss [Doc. 33]; and Defendants Wells Fargo

Bank, N.A., as Trustee for the Pooling and Servicing Agreement dated May 1, 2005, Asset-Backed Pass-Through Certificates Series 2005-WHQ3 ("Wells Fargo"), and Ocwen Loan Servicing LLC's ("Ocwen") motion to dismiss [Doc. 34].  For the reasons that follow, I **RECOMMEND** that Defendants' motions to dismiss be **GRANTED** and that Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

## I.    BACKGROUND

Plaintiff filed this action November 6, 2017.  [Doc. 1.]  Like her prior lawsuits, Plaintiff's current lawsuit concerns a prospective foreclosure of her real property located at 260 Legends Trace, McDonough, Georgia (the "Property"), and her Amended Complaint asserts claims for actual and constructive fraud; violations of Georgia statutory provisions; violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, *et seq.* ("FDCPA"); and injunctive and/or declaratory relief. [Doc. 28 (Am. Compl.)].  Defendants argue for the dismissal of all of Plaintiff's claims.  [Docs. 31-34].

### A.    Plaintiff's Mortgage, the Assignment of her Deed, and her Subsequent Default

Around March 25, 2005, Plaintiff obtained a mortgage loan from Argent Mortgage Company, LLC ("Argent") in the original principal amount of $372,000

2

(the "Loan").  (Am. Compl. ¶ 12); *see also Minnifield v. Johnson & Freedman II, LLC*, No. 1:10-CV-9-TWT, 2012 WL 5463878, at \*1 (N.D. Ga. Nov. 7, 2012) ("*Minnifield I*"), *aff'd*, 522 F. App'x 782 (11th Cir. 2013) ("*Minnifield I Appeal*").[1] Plaintiff also executed a security deed in favor of Argent (the "Deed"), providing Argent and its successors and assignees with a security interest in the Property. (*Id.*)  [*See also* Docs. 32-2, 34-2, 34-2 (Deed).][2]  The Deed provides specifically

--------------------

[1] The Court can take judicial notice of public records, including prior cases, bankruptcy proceedings, and real estate records, in addressing a motion to dismiss without converting it to a motion for summary judgment. *Bobadilla v. Aurora Loan Servs., LLC*, 478 F. App'x 625, 627 (11th Cir. 2012); *see also Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006); *Tuscano v. Evening Journal Assoc.*, 179 F. App'x 621, 623 n.3 (11th Cir. 2006); *see also Woodberry v. Bank of Am., N.A.*, No. 1:11-CV-3637-TWT, 2012 WL 113658, at \*1 (N.D. Ga. Jan. 12, 2012) (considering real estate records and assignment of security deed filed by defendants in support of motion to dismiss); *Bandele v. Deutsche Bank Nat'l Tr. Co.*, No. 1:11-CV-4257-TWT, 2012 WL 1004990, at \*1 (N.D. Ga. Mar. 22, 2012) (same).

[2] The Court may also consider documents attached to a pleading or motion to dismiss without converting a motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997).  In this context, "undisputed" means that the authenticity of the document is not challenged. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (considering contract between the parties).  The Deed is both central to Plaintiff's claims and undisputed. *See SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).

that to secure the repayment of the Loan, Plaintiff "does hereby grant and convey to [Argent] and [its] successors and assigns, with power of sale, the [Property]." (Deed at 3.)

Plaintiff also attaches multiple recorded assignments of the Deed to her Amended Complaint. [*See* Docs. 1-2, 1-3, 1-4, 1-10, 1-11.][3] The first is dated August 28, 2009; purports to assign the Deed from Argent to Wells Fargo, care of Ocwen; was executed by Barclays acting as attorney-in-fact for Argent; and was recorded on September 14, 2009, at Ocwen's request.[4] [Doc. 1-2 ("First Assignment").] The second is dated March 30, 2005; assigned the Deed from Argent to Wells Fargo without power of attorney; and was recorded on April 23, 2013, at Ocwen's request. [Doc. 1-4 ("Second Assignment").] The third, a corrective assignment dated December 16, 2015, assigned the Deed from Argent to Wells Fargo, care of Ocwen; was executed by Citi Residential, acting as

---

[3] Plaintiff's Amended Complaint incorporates by reference the exhibits attached to the original Complaint. [*See* Am. Compl. ¶ 16.]

[4] Though not explained in the Amended Complaint or attached records, according to Barclays's filings and explained at this Court's hearing on the motions to dismiss, Barclays was the former servicer of Loan, and ceased serving the Loan in September 2010. [Doc. 32-1 at 3.] Plaintiff does not dispute this assertion.

attorney-in-fact for Argent; and was recorded on January 21, 2016, again at Ocwen's request.  [Doc. 1-11 ("Third Assignment").]  The Third Assignment purports to correct the assignee[5] and power of attorney in the First Assignment. [*Id.*]  The fourth and final assignment, another corrective assignment, was dated September 6, 2017; assigned the Deed from Argent to Wells Fargo, care of Ocwen; was executed by Citi Residential, acting as attorney-in-fact for Argent; and was recorded on September 26, 2017, once again at Ocwen's request.  [Doc. 1-11 ("Third Assignment").]  The Fourth Assignment purports to correct power of attorney in the Third Assignment.  [*Id.*]  Thus, all four Assignments of the Deed were executed by or on behalf of Argent in favor of Wells Fargo.

Plaintiff appears to have defaulted on her Loan starting in September 2005, a mere six months after its origination.  *See Minnifield I*, 2012 WL 5463878, at *1-2.  Multiple foreclosures have been scheduled since that time, though each appears to have been staved off by Plaintiff's initiation of lawsuits against various parties

-----

[5] The Third Assignment does not explain what correction needed to be made, but the Court notes that the First Assignment listed Wells Fargo as trustee for "Certificate Series 2005-WHQ," rather than "Certificate Series 2005-WHQ3," as listed in the other Assignments and in all the relevant case documents.

5

involved in the attempted foreclosures or by one or more of Plaintiff's bankruptcies. *Id.*; *see also Minnifield v. Wells Fargo Bank, N.A.*, 331 Ga. App. 512, 513-14 (2015) (appellate decision describing underlying proceedings) ("*Minnifield II Appeal*").[6]  There are no allegations in Plaintiff's Amended Complaint, nor indication in any of the records reviewed by the Court, that Plaintiff has come out of default in the past decade, and at the hearing on Defendants' motions, Plaintiff confirmed that she has been in default since 2007.[7]

### B.   Plaintiff's Prior Lawsuits

On November 24, 2009, Plaintiff filed a lawsuit against Johnson & Freeman, LLC ("Johnson & Freeman"), a law firm retained by the prior servicer of the Loan to conduct a foreclosure of the Property on behalf of Wells Fargo.  *See Minnifield I*, Case No. 1:10-cv-00009-TWT (N.D. Ga.) [Docs. 1-1, 4].  In *Minnifield I*,

---

[6] In addition to the lawsuits described in this section, Plaintiff filed for Bankruptcy on at least three occasions—in April 2006, September 2009, and May 2010—since defaulting on her mortgage. *See In Re Kimelyn Alissa Minnifield*, Case Nos. 06-63809-mhm, 09-83112-crm, 10-73436-wlh (Bankr. N.D. Ga.).

[7] Although not considered for purposes of the motions to dismiss, the Court notes that at the hearing, the parties agreed that Plaintiff's Loan balance is greater than $700,000 at present, and Plaintiff admitted that no dispensation of the Property—whether by foreclosure sale or Plaintiff's private sale—would result in her extinguishing that indebtedness through sale proceeds.

6

removed to this District from Superior Court of DeKalb County, Plaintiff alleged that the foreclosure proceedings initiated by Johnson & Freeman were unlawful because Wells Fargo did not hold title to the Security Deed and therefore lacked the right to possession of the Property; in particular, Plaintiff alleged that the misrepresentations regarding Wells Fargo's interest in the Property amounted to some form of fraud and resulted in violations of the FDCPA during initiation of those foreclosure proceedings (because they purportedly constituted misrepresentations in the course of debt collection).   *Id.*; *see also Minnifield I Appeal*, 522 F. App'x at 783 (appellate decision describing the underlying proceedings) ("*Minnifield I Appeal*"); *Minnifield I*, 2012 WL 5463878, at *1-2 (N.D. Ga. Nov. 7, 2012) (trial court decision on defendants' motion for summary judgment).

On the defendants' motion for summary judgment in *Minnifield I* following several months of discovery,[8] U.S. District Judge Thomas W. Thrash, Jr. observed that Plaintiff "does not dispute that she was in default of the loan, giving the holder

---

[8] Based upon a review of the docket in *Minnifield I*, the parties conducted discovery between January and May 2011.  *See Minnifield I*, Case No. 1:10-cv-00009-TWT [Docs. 39-49].

7

of the Note and [] Deed the right to possession of the Property," and that she had put forth no evidence that Wells Fargo was not the owner of the Deed. *Minnifield I*, 2012 WL 5463878, at *4. Based upon the defendants' evidence, including the First Assignment[9] and sworn declarations, Judge Thrash concluded that Wells Fargo did indeed have a right to possession of the Property pursuant to the Deed. *Minnifield I*, 2012 WL 5463878, at *2-4. As a result, the Court granted summary judgment in favor of the defendants in *Minnifield I*. *Id.* at *4-5. On appeal, the Eleventh Circuit affirmed, holding that Plaintiff presented no evidence to contradict defendants' evidence that Wells Fargo was the holder of the Security Deed and authorized to foreclose on the Property. *Minnifield I Appeal*, 522 F. App'x at 784.

On May 29, 2013, a few months before the Eleventh Circuit issued its opinion in *Minnifield I*, Plaintiff filed a second lawsuit in Fulton County Superior Court against Wells Fargo and Richard B. Maner, P.C. ("Maner"), another law firm retained by Ocwen to conduct a foreclosure of the Property on behalf of Wells

---

[9] The First Assignment was attached at Exhibit N to the defendants' motion for summary judgment in *Minnifield I*, and discussed in Judge Thrash's opinion. *See Minnifield I*, 2012 WL 5463878, at *2-4; *see also Minnifield I*, Case No. 1:10-cv-00009-TWT [Doc. 55-17 (First Assignment).]

8

Fargo. *Minnifield v. Wells Fargo, et al.*, Case No. 2013-CV-231943 (Sup. Ct. of Fulton Cty., Ga) ("*Minnifield II*"). In *Minnifield II*, Plaintiff asserted claims against Wells Fargo for wrongful attempted foreclosure, fraud, and violations of the FDCPA, O.C.G.A. § 23-2-114 (Powers of Sale), O.C.G.A. § 44-14-162.2 (Notice of Foreclosure Sale) O.C.G.A. § 44-14-162 (Sale Under Power), and the due process clause of the Georgia Constitution. [Doc. 34-5 (*Minnifield II* Compl.)]; *see also Minnifield v. Wells Fargo Bank, N.A.*, 331 Ga. App. 512, 514 (2015) (appellate decision describing the underlying proceedings) ("*Minnifield II Appeal*"). Upon the defendants' motion, the Fulton County Superior Court dismissed Plaintiff's claims, holding that they were barred by collateral estoppel. [Doc. 34-6 (*Minnifield II* Order dated Oct. 23, 2013).] Plaintiff appealed the decision, and on March 25, 2015, the Georgia Court of Appeals affirmed the dismissal, holding that collateral estoppel bared all of Plaintiff's claims based on her continued assertion that Wells Fargo did not have a right to enforce the Deed. *Minnifield II Appeal*, 331 Ga. App. at 517. In deciding the collateral estoppel issue, the Georgia Court of Appeals specifically found (1) that the "common and determinative issue in [both *Minnnifield I* and *Minnifield II* wa]s whether Wells Fargo had an enforceable

9

security interest in [Plaintiff]'s property such that it had authority to foreclose"; (2) Wells Fargo and Maner were in privity with Johnson & Freeman from *Minnifield I*, since they all had "an identity of interest in defending against [Plaintiff]'s actions for wrongful foreclosure and related claims and specifically, [her] contention that Wells Fargo lacked an enforceable security interest in [the P]roperty"; and (3) that it was demonstrated in *Minnifield I* that Wells Fargo did have an enforceable security interest in the Property allowing it to foreclose. *Id.* at 516-17.

### C.   Plaintiff's Present Action

On November 6, 2017, following another attempt to foreclose on the Property, Plaintiff filed the present lawsuit. [Doc. 1.] In her original complaint, Plaintiff asserted claims against Defendants for fraud; violations of Georgia statutory provisions; violations of the FDCPA; and injunctive and/or declaratory relief in relation to the Property. [*Id.*] Following Defendants' motions to dismiss her initial complaint [Docs. 8, 10, 13, 20], Plaintiff filed an Amended Complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1) [Doc. 28], superseding the original complaint and mooting the initial motions to dismiss [*see* Doc. 30]. In her Amended Complaint, Plaintiff clarified certain allegations, but

10

again asserted claims for actual and constructive fraud; violations of Georgia law; violations of the FDCPA; and injunctive and/or declaratory relief.   [Doc. 28]. Defendants have renewed their arguments for dismissal of all of Plaintiff's claims. [Docs. 31-34].

As in *Minnifield I* and *Minnifield II*, the gravamen of the Amended Complaint in this action is Plaintiff's continued contention that Well Fargo "has not conclusively demonstrated that it holds a valid security interest in the [P]roperty," and that it therefore "must utilize the judicial foreclosure process to [affirmatively] prove any ownership interest in the [Property]" before foreclosing pursuant to the terms of the Note and Deed.  (Am. Compl. ¶¶ 48, 89.)  While Plaintiff admits that the Loan went into default in 2007 (*id.* ¶ 12),[10] she contends that none of the Assignments discussed above are valid; that Argent never assigned any security interest in Property to Wells Fargo; and that Wells Fargo and Ocwen[11]

---

[10] As noted above, in *Minnifield I*, evidence tended to show that Plaintiff was in default as early as September 2005, 2012 WL 5463878, at *1, though based upon the parties representations at the hearing, Plaintiff may have brought her Loan out of default between 2005 and 2007.

[11] Plaintiff acknowledges that Ocwen services the Loan on behalf of Wells Fargo.  (Am. Compl. ¶¶ 14, 56-57.)

therefore do not have a valid security interest in the Property (*id.* ¶¶ 28-34). Specifically, she contends that the Third and Fourth corrective assignments demonstrate that the First and Second Assignments were invalid and call into question the validity of any of the four Assignments,[12] and thus, when Argent ceased operations and dissolved as a corporate entity in 2013 (prior to the Third and Fourth Assignments being executed and recorded), the authority of any entity to act upon the Deed was extinguished and Argent simply "relinquished all rights to the [P]roperty" upon its dissolution.  (*Id.* ¶¶ 33-46, 48-49.)  According to the Amended Complaint, full legal title, free of any security interest, has reverted back to Plaintiff.  (*Id.* ¶ 47.)  The Amended Complaint never suggests that any entity (other than Argent or Wells Fargo) ever obtained any interest in the Deed or Property, or has attempted to enforce the Deed.[13]  (*See generally*, Am. Compl.)

---

[12] Plaintiff also unspecified allegations that certain powers of attorney recorded in relation to the Deed "overlap," and are therefore invalid, and that Wells Fargo and/or Ocwen filed unidentified "false documents" in the public records relating to the Property.  (Am. Compl. ¶¶ 51-52, 60-61.)

[13] Plaintiff confirmed at the hearing that no entity other than Wells Fargo (or its agents) has asserted a security interest in the Property or otherwise acted to foreclose on the Property.

Based upon the foregoing, as well as an attempted foreclosure of the Property in late 2017 by Weissman on behalf of Wells Fargo, Plaintiff asserts the following claims:

- Against Wells Fargo and Ocwen—constructive and actual fraud for falsely representing that Wells Fargo has a security interest in the Property, and what appears to be a claim for trespass under O.C.G.A. § 51-9-3 based an attempted non-judicial foreclosure of the Property without a valid security interest, as well as a claim for residential mortgage fraud under O.C.G.A. § 16-8-102 against Ocwen, for causing the allegedly invalid Third and Fourth Assignments to be recorded when Wells Fargo had no valid interest in the Property, (Am. Compl. ¶¶ 48-69);

- Against Weissman—violations of the FDCPA for misrepresenting Wells Fargo's interest in the Property and initiating foreclosure proceedings on Wells Fargo's behalf when the latter did not have a valid security interest in the Property, (*id.* ¶¶ 70-82);

13

- Against Citi Residential and Citi-Financial (together, "Defendants Citi")[14] and Barclays—claims for what appears to be declaratory relief regarding the validity of the Assignments of the Deed and Defendants Citi and Barclays involvement in related powers of attorney, (*id.* ¶¶ 83-87);

- Against all Defendants—claims for punitive damages and other declaratory and injunctive relief giving her clean title to the Property free of any security interest and enjoining any future foreclosure proceeding, (*id.* ¶¶ 88-89).

**F.    Defendants' Motions to Dismiss**

In February 2018, each of the Defendants moved to dismiss the claims contained in Plaintiff's Amended Complaint. [Docs. 31-34.] Weissman argues that Plaintiff's claims against it should be dismissed because (1) res judicata bars the all of current claims against it, which are based entirely upon the validity of Argent's assignment of the Deed to Wells Fargo and are identical the claims

---

[14] Although Citi-Financial, Inc. was named as a Defendant, the Amended Complaint contains no factual allegations pertaining to it, and it does not appear involved in any way with the Deed, Assignments, or powers of attorney.

asserted against Johnson & Freeman in *Minnifield I*; (2) Plaintiff lacks standing to challenge any of the allegedly fraudulent Assignments; (3) Plaintiff has not plead any fraud with the required specificity; and (4) Plaintiff's claims under the FDCPA fail as a matter of law.  [Doc. 31-1 at 7-18.]  Defendants Citi and Barclay argue that (1) they are not proper parties to the lawsuit, since there are no allegations of wrongdoing against them; (2) Plaintiff lacks standing to challenge the Assignments or related powers of attorney; (3) collateral estoppel bars all of the Plaintiff's claims, and (4) Plaintiff's requests for declaratory relief fail as a matter of law. [Doc. 32-1 at 7-14; Doc. 33 at 8-13.]  Finally, Wells Fargo and Ocwen argue that the claims against them are subject to dismissal because (1) Plaintiff lacks standing as a legal matter to challenge any of the Assignments, (2) she is collaterally estopped from challenging Wells Fargo's interest in the Deed on the basis of the holdings in *Minnifield I* and *Minnifield II*, and (3) her individual claims for relief separately fail as a matter of law.  [Doc. 34-1 at 8-25.]

Plaintiff opposes to the motions to dismiss.  [Docs. 37, 38.]  In response to the motions to dismiss filed by Wells Fargo and Ocwen, Defendants Citi, and Barclays, Plaintiff argues (1) that res judicata and collateral estoppel does not bar

her claims because "this is not the, 'very same litigation,'" since her claims proceed from the Third and Fourth Assignments, filed after the decisions were rendered in *Minnifield I* and *Minnifield II*; (2) while she may not have standing to directly challenge the Assignments, she can indirectly challenge any particular Assignment that violates a statutory protection and injured her; (3) and that Wells Fargo and the other Defendants acted improperly in proceeding with a foreclosure without authority to enforce the Deed. [Doc. 37 at 7-17.] In response to Weissman's motion to dismiss, Plaintiff contends that because her claims post-date the prior litigation, they are not barred by res judicata, and she has sufficiently plead allegations showing that Weissman violated the FDCPA when it acted fraudulently to foreclose on a property on behalf of Wells Fargo, knowing the latter did not have a valid security interest in the Property. [Doc. 36 at 6-15.] Defendants have filed replies [Docs. 38-41], oral argument was held on the motions, and they are now ripe for resolution.

16

## II.   LEGAL ANALYSIS

### A.   The Motion to Dismiss Standard

In evaluating a Rule 12(b)(6) motion to dismiss, a court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A complaint need not provide "detailed factual allegations," but it must provide factual allegations sufficient to set forth the plaintiff's entitlement to relief. *Twombly*, 550 U.S. at 555.  Providing only "labels and conclusions" is insufficient, "and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  In evaluating a complaint, courts should disregard any allegations that are mere legal conclusions.  *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (discussing *Iqbal* and *Twombly*).  Furthermore, if assuming the truth of the factual allegations of the amended complaint, there is a dispositive legal issue that precludes relief or if it is based on a meritless legal theory, dismissal is warranted. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *see also Brown v. Crawford Cty.*, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

17

### B.     Plaintiff's Claims Contesting Wells Fargo's Right to Enforce the Security Deed Are Barred by Collateral Estoppel

Defendants contend that all of Plaintiff's claims are barred by res judicata or collateral estoppel because the basis for Plaintiff's claims—that Wells Fargo does not have an enforceable security interest in the Deed that would allow it to foreclose on the Property—was previously adjudicated in *Minnifield I* and confirmed in *Minnifield II*.  Plaintiff contends that her claims are not barred because the facts of this case are different from the earlier cases, in that Defendants have caused two corrective assignments to be filed (i.e. the Third and Fourth Assignment) and attempted yet another foreclosure of the Property.  The Court concludes that collateral estoppel bars the re-litigation Plaintiff's claims based upon the issues decided in *Minnifield I*.[15]

The doctrine of res judicata, or claim preclusion, bars the re-litigation of claims that were raised or could have been raised in a prior proceeding.  *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013).  "The doctrine of res

_____

[15] As an initial note, the Court may consider the defense of res judicata or collateral estoppel on a motion to dismiss filed under Rule 12(b)(6) when the existence of the defense can be determined from the face of the complaint.  *See Solis v. Global Acceptance Credit Co.*, 601 F. App'x 767, 771 (11th Cir. 2015).

judicata is one of finality, providing that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights and responsibilities of the parties and their privies." *Baptiste v. Comm'r of Internal Revenue*, 29 F.3d 1533, 1539 (11th Cir. 1994).  "One must assert all claims for relief concerning the same subject matter in one lawsuit and any claims for relief concerning the same subject matter which are not raised will be res judicata." *Harris v. Deutsche Bank Nat'l Tr. Co.*, 338 Ga. App. 838, 840 (2016).

When a federal court examines the preclusive effect of a prior federal judgment, based either on diversity or a federal question jurisdiction, it must apply federal law.  *Dorsey v. CitiMortgage, Inc.*, 559 F. App'x 936, 937 (11th Cir. 2014); *Tampa Bay Water v. HDR Eng'g*, 731 F.3d 1171, 1179 (11th Cir. 2013).  Under federal law, the party invoking claim preclusion must show:  (1) there was a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.  *McCulley v. Bank of Am.*, 605 F. App'x 875, 877 (11th Cir. 2015); *Lobo*, 704 F.3d at 892.  "Res judicata, however, "is no defense where, between the first and second suits, there has been

a modification of significant facts creating new legal conditions." *McCulley v. Bank of Am., N.A.*, 605 F. App'x 875, 877-78 (11th Cir. 2015) (citing *Manning v. City of Auburn*, 953 F.2d 1355, 1359 (11th Cir. 1992)).[16]

Collateral estoppel, or issue preclusion, on the other hand, bars the re-litigation of particular issues of fact or law that were actually litigated and decided in a prior suit. *CSX Transp., Inc. v. Bhd. of Maint. of Way Emps.*, 327 F.3d 1309, 1317 (11th Cir. 2003).   A party invoking issue preclusion of a prior federal judgment must establish:  (1) the issue at stake is identical to one involved in the prior litigation; (2) the issue was actually litigated in the prior litigation; (3) the

---

[16] The Court's decision is guided by Judge Thrash's decision in *Minnifield I*. In considering whether to give preclusive effect to a state-court judgment, however, such as *Minnifield II*, a federal court would apply the rendering state's law of preclusion. *Winn-Dixie Stores, Inc. v.* Dolgencorp, LLC, 746 F.3d 1008, 1036 (11th Cir. 2014); *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011). Regardless, Georgia law is very similar.  "In Georgia, the doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action."  *Starship Enters. of Atlanta, Inc. v. Coweta Cty., Ga.*, 708 F.3d 1243, 1253 (11th Cir. 2013) (citing *James v. Intown Ventures, L.L.C.*, 290 Ga. 813, 816 (2012)).  "Three prerequisites must be met before res judicata will apply:  (1) identity of the cause of action; (2) identity of the parties or their privies; and (3) previous adjudication on the merits by a court of competent jurisdiction." *James*, 290 Ga. at 816; *see also Starship*, 708 F.3d at 1253.

20

determination of the issue must have been a critical and necessary part of the judgment in the prior litigation; and (4) the party against whom preclusion or collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior litigation. *Tampa Bay Water*, 731 F.3d at 1180. "Unlike res judicata, collateral estoppel is not limited to actions between the same parties and their privies." *McCulley*, 605 F. App'x at 877-78 (citing *Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1473 (11th Cir. 1986) ("A defendant who was not a party to the original action may invoke collateral estoppel against the plaintiff.")).[17]

---

[17] Likewise, for purposes of a state-court judgment such as *Minnifield II*, under Georgia law, the doctrine of collateral estoppel "precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies." *Copelan v. Copelan*, 294 Ga. 840, 841 (2014) (quoting *Waldroup v. Greene Cty. Hosp. Auth.*, 265 Ga. 864, 866 (1995) and citing OCGA § 9-12-40). Under Georgia law, a party relying on collateral estoppel must demonstrate that: (1) an identical issue (2) was actually litigated and (3) necessarily decided, (4) on the merits in a final judgment, (5) by a court of competent jurisdiction. *Cmty. State Bank*, 651 F.3d at 1263. "[C]ollateral estoppel does not require identity of the claim—so long as the issue was determined in the previous action and there is identity of the parties [or their privies], that issue may not be relitigated, even as part of a different claim." *Coffee Iron Works v. QORE, Inc.*, 322 Ga. App. 137, 139 (2013) (quoting *Body of Christ, etc. God, Inc. v. Brinson*, 287 Ga. 485, 486 (2010)).

In this case, while Plaintiff may be correct that res judicata or claim preclusion might not apply to the extent that her claims are based events subsequent to the judgment in *Minnifield I*,[18] she is incorrect that collateral estoppel or issue preclusion does not apply to bar her claims based upon Wells Fargo's right to enforce the Deed.[19]  There is no dispute that in *Minnifield I*, as discussed above, the issue at stake—that was a critical and necessary part of the summary judgment determination—was whether Wells Fargo was the holder of the Deed to the Property with the right to possession and the authority to pursue foreclosure.  *See Minnifield I*, 2012 WL 5463878, at *4; *see also Minnifield I Appeal*, 522 F. App'x at 784.  Further, Plaintiff does not (and indeed cannot) contend not that the issue

_____

[18] Because the Court finds that collateral estoppel applies to bars Plaintiff's claims, it need not parse out whether res judicata would apply to each claim and whether the current parties stand in privity to the parties in *Minnifield I* and/or *Minnifield II*.

[19] Indeed, Plaintiff seems to conflate the two doctrines in her responses.  [*See* Doc. 36 at 13-14; Doc. 37 at 7-10]

was actually litigated through discovery and that she was denied a full and fair opportunity to litigate that issue in *Minnifield I*.[20]

Instead, Plaintiff quibbles that the issue underlying *Minnifield I* is not the same issue in the present lawsuit. [*See* Doc. 37 at 8-9.] In support of her position that the issues are not the same, Plaintiff states:

> The claims in this action proceed from assignments filed in 2016 and 2017, purporting to transfer the same security interest in the Plaintiff's property from Argent to Defendant Wells Fargo, previously evidenced by two prior assignments filed in 2009 and 2013. These assignments did not exist at the time that either of the prior actions referenced by Defendants were filed. These assignments were filed by or on behalf of Defendant Wells Fargo, subsequent to the conclusion of any prior litigation. Therefore, any claims related to the assignments filed in 2016 and 2017, could not have been a part of the operative facts of any other action and could not have been previously litigated. . . . While the facts of this case may appear similar to other cases brought by the Plaintiff, this is not the same case. Further, it was not foreseeable that Defendants Wells Fargo and Ocwen would cause a third and fourth assignment to be filed with regard to the subject property, therefore Plaintiff would not have been presented with the opportunity to raise these claims in previous litigation. New material facts, in the form of the additional assignments and powers of attorney, now raise legitimate questions regarding whether an assignment of Argent's security interest in the Plaintiff's property occurred.

---

[20] At the hearing, Plaintiff acknowledged that she had full access to discovery in *Minnifield I*, and did not identify areas of discovery that would yield different results were this case to move forward.

23

[*Id.*]  Taking Plaintiff's argument at face value—namely, that her claims are based entirely on the Third and Fourth Assignments and that she has not had a full and fair opportunity to litigate their validity—the Court is still left with the inexorable conclusion that Plaintiff's claims are barred by the decision in *Minnifield I*. Plaintiff acknowledges that those subsequent Assignments purport to transfer the Deed from Argent to Wells Fargo.  If those subsequent Assignments are indeed invalid, as Plaintiff now contends, then they simply fail to correct or amend the First and/or Second Assignments.  Based upon the decision *Minnifield I*, however, Plaintiff is estopped from re-litigating whether the First and Second Assignments, without any correction, transferred a security interest in the Property to Wells Fargo or that Wells Fargo is the holder of the Deed with the right to foreclose on the Property.  And, obviously, if the subsequent Assignments are valid, contrary to Plaintiff's allegations, then they merely act to correct the assignment of the Deed from Argent to Wells Fargo, and Wells Fargo, as before, remains the holder of the Deed with the right to foreclose on the Property.  Because Plaintiff cannot contest, based upon decision in *Minnifield I* and the allegations in the Amended

24

Complaint,[21] that Wells Fargo has an enforceable security interest in the Property with the right to foreclose on it, her claims are subject to dismissal.

Ultimately, in both *Minnifield I* and the present case, the fundamental issue underlying each of Plaintiff's claims was and is whether Wells Fargo is the holder of the Deed with the right to foreclose on the Property. That issue was decided on the merits in *Minnifield I*, after Plaintiff had a full and fair opportunity to litigate the matter, and Judge Thrash's decision was affirmed by the Eleventh Circuit. As the Georgia Court of Appeals held in *Minnifield II*, "[a]ll of [Plaintiff's now-current] claims stem from [her] contention that Wells Fargo does not have an enforceable security interest in her property and therefore is not authorized to foreclose on it," *Minnifield II Appeal*, 331 Ga. App. at 514-15, and the same holds true here. Plaintiff's claims—all based upon Wells Fargo's right to enforce the Deed—are therefore subject to dismissal.

---

[21] This is not to say that Plaintiff could not have alleged facts to avoid this preclusive effect. Had Plaintiff, for instance, alleged that Wells Fargo subsequently assigned the Deed to a third-party, allegations that Wells Fargo was not then the holder of the Deed would not be preclusively barred.

### C.     Plaintiff Does Not Have Standing to Challenge the Assignments

Even if Plaintiff's claims were not barred by the judgment in *Minnifield I*, Plaintiff does not have standing to challenge the Assignments of the Deed[22] from Argent to Wells Fargo.  While Plaintiff admits that generally, a debtor does not have standing to challenge the assignment of a security interest in real property, she relies on the Georgia Supreme Court cases of *Ames v. JP Morgan Chase Bank, N.A.*, 298 Ga. 732 (2016) and *Bank of America, N.A. v. Johnson,* 299 Ga. 861 (2016) to argue that she can "indirectly" attack the Assignments of the Deed or otherwise challenge Wells Fargo's right to foreclose on the Property.  [*See* Docs. 36 at 14-15; Doc. 37 at 14-15.]

Under Georgia law, an assignment is a contract, and a person has standing to sue under a contract only if he is party to or a beneficiary of that contract; a borrower who is neither a party to nor a beneficiary of an assignment of a mortgage or deed lacks standing to challenge the assignment's validity.  *Cooley v. Ocwen Loan Servicing, LLC*, No. 16-14835, 2018 WL 1151778, at *3 (11th Cir. Mar. 5, 2018) (citing among others, O.C.G.A. § 9-2-20; *Montgomery v. Bank of Am.*, 321

---

[22] Or the accompanying powers of attorney.

Ga. App. 343 (2013)).  Indeed, as the Eleventh Circuit has observed, "Georgia law is clear that borrowers do not have standing to attack a [defective or even] forged assignment of their security deed, which—if attacked by a party with standing— would provide the basis for a claim . . . ."  *Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1252 (11th Cir. 2015) (rejecting a borrower's claims based, among other things, on allegations that the assignment of a security was deficient because it was forged, improperly attested, and improperly identified the wrong party).  Contrary to Plaintiff's argument, *Ames* and *Johnson* do not change this rule with regard to her factual allegations and claims.

In *Ames*, the borrowers' complaint sought to establish that the initiation of foreclosure proceedings were improper because the assignment of the underlying security deed to the foreclosing lender was flawed.  The Georgia Supreme Court held that the borrowers lacked standing to bring such claims, whether they be "in tort (for wrongful foreclosure or the like) or in contract (for a breach of the security deed or the assignment)" because the underlying security deed did not provide the borrowers with a right to dispute any assignment of the deed to a third party and

27

because the assignment itself did not grant the borrowers standing since they were not parties to the assignment contract.  *Ames*, 298 Ga. at 737-39 (citations omitted).

In its decision, Court addressed a potential "indirect" method for attacking the assignment of the security deed, allowing that it is "possible that a debtor could have standing to challenge the validity of an assignment indirectly, if an invalid assignment violated a statutory protection and thereby injured the debtor."  *Id.* at 740.  In a footnote, the Court briefly observed that:

> OCGA § 44-14-162(b) requires that "[t]he security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located," . . . We need not decide whether O.C.G.A. § 44-14-162(b) could ever provide a debtor with standing to challenge a foreclosure based on an unrecorded or facially invalid assignment.

*Id.* at 741 n.7 (citations omitted).[23]

---

[23] The *Ames* Court affirmatively rejected the proposition that standing could be conferred pursuant to a violation of the foreclosure notice requirements of O.C.G.A. § 44-14-162.2(a) because § 44-14-162.2(a) "does not require notice to the debtor of who the current security deed holder is, the statute cannot provide a mechanism for the debtor to assert claims that the (potentially unnamed) secured creditor does not actually have a validly assigned deed." *Id.* at 741.

While the *Ames* Court left open the possibility of indirectly challenging an "unrecorded or facially invalid assignment," pursuant to O.C.G.A. § 44-14-162(b), Plaintiff has not alleged that Argent's assignment of the Deed to Wells Fargo was unrecorded nor has she provided an explanation regarding how her allegations regarding potentially overlapping powers of attorney render all of the Assignments "facially invalid." [*See generally*, Am. Compl.]  As such, she has not made out sufficient allegations to "indirectly" challenge the assignment of the Deed from Argent to Wells Fargo under the "possible" scenario noted in *Ames*.[24]  Moreover, in *Haynes*, the Eleventh Circuit—albeit prior to the *Ames* decision—rejected the proposition that borrowers could challenge an assignment under O.C.G.A. § 44-14-162(b) based upon, among other things, a lack an official witness and alleged forged signatures.  *Haynes*, 793 F.3d at 1251-52.  Indeed, since *Ames*, the Eleventh Circuit has reaffirmed its conclusion that even alleged forgeries do not provide a

---

[24] Additionally, Plaintiff has not identified what precisely her injury would be to satisfy *Ames*'s requirements.  She speculated at the hearing that the allegedly invalid Assignments would result in additional costs related to clearing title to the Property for future sales, but since she also admitted at the hearing that her indebtedness far outweighs the value of the Property, it is not clear that she would ever bear such costs.

means for borrowers to obtain standing to challenge an assignment. *See Timbes v. Deutsche Bank Nat'l Tr. Co.*, 708 F. App'x 971, 976 (11th Cir. 2017) (borrower lacks standing to challenge alleged forged assignment) (discussing *Ames* and other cases).[25]  Given that the deficiencies alleged in the Amended Complaint fall far short of an outright forgery, the Court cannot conclude that a different result is warranted in this case.

*Johnson* likewise does not save Plaintiff's claims.  In that case, a borrower filed a quiet title action to remove a security interest on his property. *Johnson*, 299 Ga. at 861-62.  The borrower alleged the original lender and holder of the security deed had dissolved before the security deed was assigned to another lender, and the Supreme Court of Georgia granted certiorari to decide whether a borrower could "indirectly" challenge an assignment by alleging he is no longer obligated to pay a

---

[25] As *Ames* and *Timbes* both note, if Plaintiff "believes that the assignment of [] her security deed was invalid or fraudulent, [] she should alert the true deed holder so that it 'may intercede to assert any rights it believes it has,' which 'would be expected to lead to remedial action by the true holder.'" *Timbes*, 708 F. App'x at 975 (quoting *Ames*, 783 S.E.2d at 620-21).

debt after the security deed on his property was allegedly cancelled as a result of the dissolution.  *Id.*  The *Johnson* Court, however avoided the issue, finding that the borrower "made concessions . . . that make it unnecessary for us to decide the question."  *Id.* at 861.  Relevant to the present case, the *Johnson* Court held that a Plaintiff does not have standing to contest an assignment when the borrower does not allege that the original holder relinquished the security interest back to the borrower.  *Id.* at 863.  Plaintiff has made not allegation that Argent relinquished the Deed back to her, and as a result, under *Johnson*, she has no standing to challenge the assignment to Well Fargo.

Based upon the foregoing, then, Plaintiff is without standing to challenge—directly or otherwise—the assignment of the Deed to Wells Fargo, and her claims based on the invalidity of the Assignments are therefore subject to dismissal for this separate reason.

### D.    Summary

As discussed in detail in Section I.C. above, the basis for every claim in Plaintiff's Amended Complaint is the proposition that Well Fargo "has not conclusively demonstrated that it holds a valid security interest in the [P]roperty."

Because that issue was decided with preclusive effect in *Minnifield I*, Plaintiff is barred by collateral estoppel from re-litigating the issue in this case.  Additionally, even if she were not barred by collateral estoppel, the Amended Complaint does not contain sufficient factual allegations to provide her with standing to challenge the assignment of the Deed to Wells Fargo, and her claims fail for this separate reason.

## III.   CONCLUSION

For the foregoing reasons, I **RECOMMEND** that Weissman's motion to dismiss [Doc. 31], Barclays's motion to dismiss [Doc. 32], Defendants Citi's motion to dismiss [Doc. 33] and Wells Fargo and Ocwen's motion to dismiss [Doc. 34] be **GRANTED** and that Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

IT IS SO RECOMMENDED this 8th day of June, 2018.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE